Memorandum. On reargument following the court’s order allowing the Power Authority of the State of New York to intervene as a respondent on the appeal, facts have been adduced which on the merits would authorize the court at Special Term to dismiss the petition.
Those facts, of course, were not before the court on the prior appeal when the court was required to accept the allegations of the petition in their most favorable aspect in passing on its sufficiency. The court adheres to its prior determination that the proceeding was timely; that the Power Authority is not a •necessary party; and that the statute (Public Lands Law, § 75) does not expressly authorize the Authority to impose a condition to its advice to the Commissioner of General Services that a release of future damage to the State and Authority be executed as a condition of a grant of public lands under water.
But the State does not have to grant the petitioner any interest in its lands in the Niagara River, and the Commissioner may, if he chooses to exercise his right to authorize a grant of the State’s land, impose any reasonable condition, including a covenant to forego future damage. This is quite independent of the effect on the Commissioner’s action of the advice of the Power Authority.
Under some circumstances, it may be unjust and inequitable to impose such a condition, and on the face of the petition, which the court on its prior decision assumed to be true, it was represented that the petitioner had expended $50,000 in filling in the land on authorization of the State before the petitioner knew of the later conditioned nature of the grant.
The affidavit in support of the Power Authority’s application to intervene in this court denies this assertion and the Authority suggests the action of petitioner in filling in the land was unlawful. We do not evaluate these additional factual assertions on appeal, but they will be available for determination at the trial *695 if appropriately pleaded in the answer of the respondent Commissioner. Available as a defense by the Commissioner also will be the assertion of the Authority that the intrusion of land fill by the petitioner and other private owners in the waters of the Niagara River increases the dangers of flooding and damage in the course of public power development which make it proper and equitable that the State shall be protected in giving any grant to its lands from claims for such damage. Although the court adheres to its conclusion that the Power Authority is not a necessary party, the interests and rights of the Authority as a public agency may be asserted by the Commissioner as defenses on behalf of the State.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel and Jasen concur; Judges Burke and Gibson taking no part.
Upon reargument: Original decision of this court, dated February 27,1969, adhered to in a memorandum.