■ In the Matter of HILL PARK HEALTH CARE CENTER, INC., Appellant, v ANTONIA NOVELLO, as Commissioner of Health of the State of New York, Respondent. [785 NYS2d 566]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered December 2, 2003 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In 1997, petitioner was issued an operating certificate (hereinafter certificate) by the Department of Health (hereinafter DOH) to operate a nursing home known as "The Waters of Syracuse" (hereinafter the facility), a 121-bed residential health care facility (see Public Health Law § 2801 [2]; § 2805) in the City of Syracuse, Onondaga County. On October 24, 2001, DOH recommended that the facility's provider agreement with Medicare/Medicaid be terminated after a series of inspections revealed conditions presenting an "immediate jeopardy" to the health and safety of its residents. Approximately 90% of the facility's patient population was covered under Medicare or Medicaid.

Once petitioner became aware of the failed inspections and the ramifications thereof, petitioner met with DOH representa-

tives to discuss options, which included selling the facility, finding alternate providers or placing the facility in temporary receivership. When no alternative proved viable, petitioner submitted, at DOH's direction, a formal closure plan. This plan included notification to all its employees, residents, and their families that operations would cease. As of November 21, 2001, all patients were relocated and most employees were terminated. Thereafter, DOH orally demanded a surrender of the facility's certificate (see 10 NYCRR 401.3 [j]); petitioner refused. After two more oral requests, DOH deemed the certificate constructively surrendered.* By letter dated March 10, 2003, the Centers for Medicare and Medicaid Services formally terminated the facility's provider agreement, retroactive to the date of its closure.

In June 2003, petitioner commenced this CPLR article 78 proceeding claiming that DOH had unlawfully revoked the facility's certificate. Respondent answered and asserted, among other things, that the action was untimely. Supreme Court agreed, specifically rejecting petitioner's claim that the statute of limitations had not run because the determination was oral, not written. Petitioner appeals and we affirm.

To determine whether this proceeding is barred by the four-month statute of limitations (see CPLR 217), we must identify the administrative action being challenged and the date that its determination became final and binding (see CPLR 217; *New York City Off Track Betting Corp. v State of N.Y. Racing & Wagering Bd.*, 196 AD2d 15, 18 [1994], *lv denied* 84 NY2d 804 [1994]). Clearly, the challenge is to DOH's determination that petitioner was required to surrender the facility's certificate upon DOH's oral direction; the dispute concerns when that determination became final and binding.

An agency determination is deemed final when the agency has issued an unambiguous decision putting the would-be petitioner on notice that all administrative appeals have been exhausted (see *Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole,* 95 NY2d 267, 270 [2000]). If the agency creates any ambiguity or uncertainty as to whether there was a final determination, the ambiguity must be resolved against the agency (see *id.* at 270; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127 [1969], *adhered to on rearg* 25 NY2d 692 [1969]).

Pursuant to regulation, the facility's certificate was required to be surrendered upon its "discontinuance of operation" (10

* Petitioner does not dispute that it received oral notification to surrender its certificate at least as of November 26, 2001.

NYCRR 401.3 [j]). While petitioner asserts that it did not discontinue the facility's operations when it discharged all residents, retained only essential employees and submitted a closure plan to DOH, the record belies this contention. It was not until petitioner had exhausted all other viable options that DOH required its submission of a formal closure plan. As DOH noted, petitioner could have chosen to relocate only those residents that were dependent upon federal aid, keeping the facility functional for all remaining patients. Under that option, a formalized closure plan would not have been requested by DOH. Giving plain meaning to the regulatory requirement that "[a]n operating certificate shall be promptly surrendered to the department upon discontinuance of operation" (10 NYCRR 401.3 [j]), and construing this provision as a whole (*see Matter of Notre Dame Leasing v Rosario,* 2 NY3d 459, 464 [2004]; McKinney's Cons Laws of NY, Book 1, Statutes § 97), we cannot find DOH's determination that petitioner voluntarily chose to close its facility, thereby requiring the relinquishment of its certificate, to be arbitrary or capricious (*see Matter of Arrocha v Board of Educ. of City of N.Y.,* 93 NY2d 361, 366 [1999]).

Nor do we find any ambiguity in DOH's position that the relinquishment of the certificate was required. Even acknowledging petitioner's claim that it was ordered to submit a closure plan despite its desire to remain in operation, DOH's oral order should have been sufficient to put petitioner on notice that it clearly viewed petitioner's actions as a final discontinuance of the facility's operations (*see Matter of Alterra Healthcare Corp. v Novello,* 306 AD2d 787, 788-789 [2003]). No written notice was required under these circumstances (*see* 10 NYCRR 401.3 [g]-[j]) and, absent a contrary statutory provision (*see Matter of Scott v City of Albany,* 1 AD3d 738, 739 [2003]), the notice was sufficient. As to all other claimed inconsistencies, we find them without merit (*compare Matter of Musilli v New York State & Local Police & Fire Dept. Sys.,* 249 AD2d 826, 827 [1998]).

Accordingly, since the issue of whether this petition was in the nature of a mandamus to compel is unpreserved (*see Henry v Malen,* 263 AD2d 698, 703 [1999]) and there being no merit to all remaining contentions, including that alleging a denial of due process (*see* 10 NYCRR 401.3 [j]; *compare* Public Health Law § 2806 [2]), we affirm.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.