[832 NE2d 38, 799 NYS2d 182]

In the Matter of BEST PAYPHONES, INC., Appellant, v DEPART-
MENT OF INFORMATION TECHNOLOGY AND TELECOMMUNICA-
TIONS OF THE CITY OF NEW YORK, Respondent.

Argued April 27, 2005; decided June 9, 2005

## POINTS OF COUNSEL

*Mayne Miller,* New York City, for appellant. I. The letter of Bruce Regal dated January 13, 2000 was neither final nor binding within the meaning of CPLR 217 and therefore cannot have started the running of the statute of limitations for the within CPLR article 78 proceeding. (*Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 146 AD2d 578, 75 NY2d 62; *Matter of Raffaele v Town of Orangetown,* 224 AD2d 430; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 479 US 985; *Williamson County Regional Planning Commn. v Hamilton Bank of Johnson City,* 473 US 172; *Matter of Essex County v Zagata,* 91 NY2d 447; *Legal Aid Socy. v City of New York,* 242 AD2d 423; *Matter of Mateo v Board of Educ. of City of N.Y.,* 285 AD2d 552; *Matter of Alterra Healthcare Corp. v Novello,* 306 AD2d 787; *Matter of Main Seneca Corp. v Erie County Indus. Dev. Agency,* 125 AD2d 930; *Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd.,* 41 NY2d 926.) II. Petitioner's submission of the franchise agreement with a reservation of rights satisfied the conditions of the resolution of the Franchise and Concession Review Committee, entitling petitioner to issuance of a payphone franchise. (*TCG N.Y., Inc. v City of White Plains,* 305 F3d 67.) III. Inasmuch as the statute of limitations for a CPLR article 78 proceeding did not begin to run on January 13, 2000, the service of the petition acknowledged by respondent was not untimely, and there is no need to remand the proceeding for a traverse hearing. IV. The Appellate Division erred by considering the question of the statute of limitations raised in dictum in the judgment of the court below before addressing whether there was a viable proceeding at all in view of the lower court's dismissal for lack of personal jurisdiction without holding a traverse hearing. (*Banco do Brasil v Madison S.S. Corp.,* 61 Misc 2d 1028; *Matter of Walker v State of N.Y., Dept. of Taxation*

& *Fin.*, 300 AD2d 958; *Bell v New York Higher Educ. Assistance Corp.*, 129 Misc 2d 169, 119 AD2d 473; *527 Madison Ave. Co. v DeLoy Exec. Serv.*, 36 AD2d 502.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Suzanne K. Colt, Pamela Seider Dolgow* and *Michael S. Adler* of counsel), for respondent. I. The Appellate Division properly affirmed the Supreme Court's finding that petitioner's claims, having accrued by January 13, 2000, are time-barred pursuant to CPLR 217, requiring dismissal of those claims. Specifically as to petitioner's claim regarding the May 2000 removal of its payphones, petitioner's failure to timely challenge the conditions set forth in the January 13, 2000 letter also required dismissal of that claim. (*Matter of Waldeck v New York City Employees' Retirement Sys.*, 81 NY2d 804; *Matter of McDermott v Forsythe,* 188 AD2d 173; *Matter of Waterside Assoc. v New York State Dept. of Envtl. Conservation,* 72 NY2d 1009; *Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y.,* 77 NY2d 611; *Matter of Tottey v Varvayanis,* 307 AD2d 652, 1 NY3d 501; *Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d 62; *Matter of Johnson v New York City Employees' Retirement Sys.,* 277 AD2d 136; *Parker v Fahey,* 74 AD2d 669; *Feraca v Town of Esopus,* 63 AD2d 771; *Matter of Simmons v Popolizio,* 160 AD2d 368, 78 NY2d 917.) II. Even assuming arguendo that the petition is not entirely time-barred, the Supreme Court properly found that the petition was not served timely. The record contained persuasive evidence that the petition had been served a full month late, which was not refuted by any probative contrary proof from petitioner. (*Matter of Eldor Contr. Corp. v Town of Islip,* 277 AD2d 233; *Horowitz v Incorporated Vil. of Roslyn,* 144 AD2d 639, 74 NY2d 835; *Sutherland v Village of Suffern,* 139 AD2d 728; *Mariano v Steinberg,* 87 AD2d 606; *Le Fevre v Cole,* 92 AD2d 720; *Mrwik v Mrwik,* 49 AD2d 750; *Hoerning v Stihl Am.,* 70 AD2d 696; *Flick v Stewart-Warner Corp.,* 76 NY2d 50; *Turkish v Turkish,* 126 AD2d 436.)

**OPINION OF THE COURT**

Chief Judge KAYE.

At issue before us is the date when an administrative determination became "final and binding upon the petitioner," so as to trigger the four-month limitations period for CPLR article 78 review (CPLR 217 [1]).

Petitioner, Best Payphones, Inc., owned and operated sidewalk payphones in New York City. Respondent, the New York City

Department of Information Technology and Telecommunications (DOITT), regulates pay telephone operations on city streets. On August 11, 1999, the City approved petitioner's payphone franchise, subject to certain conditions, including the execution and delivery of a Franchise Agreement.

On January 13, 2000, DOITT notified petitioner that, because it did not submit executed copies of the Franchise Agreement and other required closing documents, it "failed to meet an essential condition of [city] approval, and the [City] can therefore be deemed to have determined not to approve a franchise for Best." The letter went on to state that Best had 60 days to enter into an agreement to sell its payphones to an entity that had been awarded a public pay telephone franchise by the City, or to remove its public pay telephones from the City's property, or to submit executed copies of the Franchise Agreement and all required closing documents. If petitioner failed within 60 days to pursue one of those courses, the letter continued, its phones would be subject to removal from city property and Best would be considered for all purposes a nonholder of a city franchise.

Best took none of the three options within the 60-day period. Thus, in early May 2000, the City issued notices of violation for illegal maintenance of such phones and began removing petitioner's phones from city property. On May 10, 2000, petitioner executed and delivered the Franchise Agreement to DOITT. On June 19, 2000, the City notified petitioner that it was unlawfully maintaining public telephones on city property.

On July 11, 2000, Best filed this article 78 petition seeking to compel DOITT to accept the executed Franchise Agreement, compel DOITT to allow it to sell its assets to another entity and, if necessary, to compel DOITT to allow petitioner to reapply for a franchise. Petitioner alleged that DOITT selectively imposed unlawful and discriminatory procedures and arbitrary deadlines on it, which resulted in the denial of a franchise. DOITT sought an order dismissing the petition pursuant to CPLR 217 and 306-b on the grounds that all but one of Best's claims were barred by the statute of limitations and that service of process was untimely as to all claims.

Supreme Court dismissed the petition on the ground of improper service. Although stating that it need not even reach the statute of limitations issue, the court found petitioner's claims barred by the four-month statute of limitations, reason-

ing that petitioner's claims accrued at the latest on January 13, 2000.* The Appellate Division affirmed on the statute of limitations ground alone, agreeing that the agency determination became final and binding on January 13, and the petition was therefore untimely. We agree.

An article 78 proceeding must be brought "within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). A strong public policy underlies the abbreviated statutory time frame: the operation of government agencies should not be unnecessarily clouded by potential litigation (*see Solnick v Whalen*, 49 NY2d 224, 232 [1980]).

This Court has identified two requirements for fixing the time when agency action is "final and binding upon the petitioner." First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party (*see e.g. Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]; *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]; *see also Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, 521 [1986], *cert denied* 479 US 985 [1986] [ripeness for review]).

In *Essex*, for example, we found agency action final when petitioner was notified that it was required to file a new application for its landfill proposal with the Adirondack Park Agency (APA) (91 NY2d at 451). At that point, the agency "left no doubt that there would be no further administrative action and that the expenditure of additional litigation expense and effort before the APA would do nothing to change the agency's position or alleviate appellants' injury" (*id.* at 454). Here, similarly, DOITT's January 13, 2000 letter left no doubt that the agency had reached a definitive position regarding petitioner's payphones that inflicted actual, concrete injury on Best. DOITT notified petitioner that it had to execute the agreement as proposed, sell the business to an approved entity or remove the phones. The 60-day grace period offered petitioner no opportunity to ameliorate the injury, or to avoid it, except by agreeing to the agency's demands. The January 13 letter held out no

---

* The City did not challenge, as time-barred, petitioner's claim that the City improperly removed its payphones in May 2000. The trial court, however, correctly found that claim untenable based on the lack of timeliness of the other claims.

hope of further administrative action, or change in the agency's position, but left petitioner only with the choice of accepting DOITT's position or initiating suit. Thus, DOITT's action was final and binding upon petitioner on January 13, and its article 78 petition filed in July was untimely.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.