■ In the Matter of JOHN SAMUELSEN, Individually and as President of Local 100 Transport Workers Union of Greater New York, et al., Respondents, v JAY WALDER, as Chief Executive Officer of the Metropolitan Transportation Authority, et al., Appellants. [932 NYS2d 30]—

The individual petitioners have standing to bring this CPLR article 78 petition as members of the subway-riding public who have the right, under Public Authorities Law § 1205 (5), to comment on respondents' contemplated closing of station booths and customer assistant kiosks. Petitioners Local 100 Transport Workers Union of Greater New York and the Association of Community Organizations for Reform Now, Inc., have associational standing as organizations that represent the interests of the union members and the subway-riding public in connection with public comment on respondent Transit Authority proposals that implicate access to the subway system (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]).

The petition filed on May 5, 2010, was timely under the four-month statute of limitations (CPLR 217 [1]). Petitioners' claim that respondents were required to hold hearings in connection with their December 2009 determination to implement the kiosk eliminations via layoffs rather than attrition did not accrue

until February 26, 2010, when respondents transmitted to petitioner union notices of the intended May 7, 2010 layoff of 600 station agents (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). It was on that date that respondents "reached a definitive position . . . that inflict[ed] actual, concrete injury" that could not have been "prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*see id.*).

In January and February 2009, the MTA held hearings as required by Public Authorities Law § 1205 (5) on various proposed changes, including the issue of whether to close certain Station Customer Assistant (SCA) kiosks and reduce the attendant workforce. While it is unclear whether the various means of implementing this proposal were specifically addressed at the hearings, that was the time for public comment on such matters. Although petitioners complain that the hearings presented only the "vaguest of plans," they nowhere assert that those hearings did not satisfy Public Authorities Law § 1205 (5). Following those hearings, the Board voted to approve the proposal to close the kiosks "as soon as reasonably practicable," and within months, issued its plan to do so via attrition of SCA agents. Respondents were not required to hold new public hearings in connection with their December 2009 decision to effect those kiosk eliminations by means of layoffs rather than attrition.

The notice, hearing, and board approval requirements of Public Authorities Law § 1205 (5) are applicable where the Transit Authority contemplates closing station booths and customer assistant kiosks, since these closings constitute "partial closing[s] of . . . [a] means of public access" under the statute (*see Matter of New York Pub. Interest Research Group Straphangers Campaign v Reuter*, 293 AD2d 160, 164, 168 [2002]). However, even interpreting this remedial statute broadly (*see id.* at 161), we find that respondents are entitled to alter the means of implementing a policy that was approved after public hearings without undertaking a fresh round of public comment. Concur— Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 29 Misc 3d 225.]**

---

Motion to supplement the record denied.