■ In the Matter of MARIA SIEROTOWICZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY LEASED HOUSING DEPARTMENT, Appellant. [946 NYS2d 502]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority Leased Housing Department dated March 24, 2010, in effect, denying the petitioner's application for a voucher transfer for a one-bedroom apartment under Section 8 of the United States Housing Act of 1937 (42 USC § 1437 [b] [1]), the New York City Housing Authority Leased Housing Department appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Baynes, J.), dated February 17, 2010, which denied its motion to deny the petition, granted the petition, annulled the determination, and directed it to forthwith provide the petitioner with a Section 8 voucher for a one-bedroom apartment.

Ordered that the order and judgment is reversed, on the law, with costs, that branch of the motion of the New York City Housing Authority Leased Housing Department which was to deny the petition as time-barred pursuant to CPLR 217 is granted, the remaining branch of the motion is denied as academic, and the proceeding is dismissed.

The determination by the New York City Housing Authority Leased Housing Department (hereinafter the NYCHA) to issue the petitioner a zero-bedroom transfer voucher, as opposed to a one-bedroom transfer voucher, was final and binding upon her no later than March 24, 2010 (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). Pursuant to CPLR 217 (1), the petitioner had four months from the date of that determination to commence a CPLR article 78 proceeding seeking review thereof. The petitioner did not commence this proceeding until September 23, 2010, almost six months later. In addition, to the extent that the petition sought review of other conduct by the NYCHA, such conduct preceded March 24, 2010. Accordingly, the petition was time-barred, and the Supreme Court erred in denying that branch of the NYCHA's motion which was to deny the petition on that basis.

In light of our determination, it is unnecessary to reach the NYCHA's remaining contentions. Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.