■ In the Matter of VIOLETA OLIVARES, Appellant, v JOHN B. RHEA et al., Respondents. [989 NYS2d 354]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated March 25, 2009, which, after a hearing, terminated the petitioner's tenancy in a public housing facility, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Edwards, J.), dated October 11, 2012, as, upon renewal and reargument, adhered to a prior determination in an order and judgment (one paper) of the same court dated February 29, 2012, in effect, granting the respondents' cross motion to dismiss the petition as time-barred, and dismissing the proceeding.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to a residential lease, the petitioner rented an apartment in Brooklyn from the New York City Housing Authority (hereinafter NYCHA). In April 2008, NYCHA preferred written charges against the petitioner, alleging, inter alia, that she and her son, an authorized occupant of the petitioner's apartment, operated an identity theft and credit card fraud scheme on the premises. Thereafter, a hearing before a NYCHA hearing officer was conducted. In written findings dated February 27, 2009, the hearing officer sustained the identity theft and credit card fraud charges and concluded that the petitioner was an undesirable tenant, but recommended that the petitioner's tenancy continue subject to a one-year period of probation and the condition that the petitioner's son be permanently excluded from the apartment. In a written determination dated March 25, 2009, NYCHA's Board disagreed with the hearing officer's recommendation, and directed that the petitioner's tenancy be terminated.

In March 2011, NYCHA served the petitioner with a holdover petition, seeking to evict her on the ground that her tenancy had terminated pursuant to the March 25, 2009, determination, a copy of which was attached to the holdover petition. On April 5, 2011, the petitioner appeared in the Civil Court of the City of New York, Kings County, to answer the holdover petition, and the court specifically directed the petitioner's attention to the March 25, 2009, determination, based on which NYCHA alleged that her tenancy was terminated. Thereafter, by order to show cause signed on September 19, 2011, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated March 25, 2009, terminating her tenancy.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). Agency action is "final and binding upon the petitioner" when the petitioner receives notice that the agency has "reached a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165 [1991]; *Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]).

Here, in support of their cross motion to dismiss the petition as time-barred, the respondents submitted the affidavits of NYCHA personnel establishing that the determination at issue was duly mailed to the petitioner on April 7, 2009. Such proof of proper mailing gave rise to a rebuttable presumption that the determination was received by the petitioner by April 12, 2009 (*see* CPLR 2103 [b] [2]; *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]), and that her time to commence a CPLR article 78 proceeding to review it expired four months later, i.e., on August 12, 2009 (*see* CPLR 217; General Construction Law § 30; *Matter of Noel v New York City Hous. Auth.—Brownsville*, 98 AD3d 981, 982 [2012]; *Matter of Richardson v New York City Hous. Auth.*, 89 AD3d 1091, 1092 [2011]). In moving for leave to renew and reargue her opposition to the cross motion, which was, in effect, granted in an order and judgment (one paper) of the Supreme Court dated February 29, 2012, the petitioner failed to rebut the presumption of receipt. "Denial of receipt . . . standing alone, is insufficient to rebut the presumption" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830 [1978]; *see*

*Matter of Rodriguez v Wing*, 251 AD2d at 336). Moreover, even if the respondents had failed to establish that the petitioner received the determination in April 2009, the record demonstrates that the petitioner had actual notice of the determination no later than April 5, 2011 (*see* CPLR 217 [1]; General Construction Law § 30; *see Matter of Noel v New York City Hous. Auth.—Brownsville*, 98 AD3d at 982).

Accordingly, the petitioner's commencement of this proceeding in September 2011 was untimely, and, upon renewal and reargument, the Supreme Court properly adhered to its prior determination, inter alia, dismissing the proceeding on that ground.

The petitioner's remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.