■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WEBB, Appellant. [994 NYS2d 537]—Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 7, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's accessorial liability (*see* Penal Law § 20.00) was established by evidence supporting an inference that defendant entered a building, where he assisted his accomplice in obtaining drugs, which the accomplice then sold to an undercover officer. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.

■ In the Matter of JOHN SCHWARTZ, Appellant, v EDNA WELLS HANDY et al., Respondents. [994 NYS2d 538]—Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about December 19, 2011, granting respondents' cross motion to dismiss the petition to annul the determination of respondent New York City Civil Service Commission, which denied petitioner's request for an adjustment of his seniority date from February 13, 1997 to August 8, 1994, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The record establishes that petitioner suffered "actual, concrete injury" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]) no later than December 8, 2010, when he was unequivocally informed of the determination that his seniority date was February 13, 1997. Accordingly, the petition, filed in July 2011, was untimely (CPLR 217). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.