■ In the Matter of RICARDO JAVIER, Appellant, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Respondent. [7 NYS3d 123]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 6, 2013, which denied the petition brought pursuant to CPLR article 78, seeking to vacate respondent's determination, dated August 29, 2012, denying petitioner's application for a master plumber license, and dismissed the proceeding, unanimously affirmed, without costs.

An article 78 proceeding must be brought "within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). Here the August 2, 2012 letter denying petitioner's application demonstrated that the agency had reached a definitive position and inflicted a concrete injury (see *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]).

Petitioner asserts that the statute of limitations did not commence to run with the August 2012 letter because the injury

could have been prevented or significantly ameliorated by further administrative action or steps available to him. However, the only action available to petitioner was a request for reconsideration within sixty days, and he failed to make such a request within that time period. In any event, even if the statute of limitations did not begin to run until the 60-day period to request reconsideration expired (i.e., 60 days from August 29, 2012), petitioner's article 78 petition filed on June 7, 2013 is still untimely.

Respondent's April 2013 letter in response to petitioner's counsel's untimely correspondence seeking reconsideration did not extend the statute of limitations period (*see Matter of Baloy v Kelly*, 92 AD3d 521, 522 [1st Dept 2012]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.