In the Matter of AJM CAPITAL II, LLC, Appellant, v LONG ISLAND RAILROAD COMPANY, a Subsidiary of the METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [13 NYS3d 906]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Long Island Railroad Company, a subsidiary of the Metropolitan Transportation Authority, to pay certain tax liens in accordance with Real Property Tax Law § 995, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), entered August 21, 2013, which granted the motion of the Long Island Railroad Company, a subsidiary of the Metropolitan

Transportation Authority, pursuant to CPLR 7804 (f) and 3211 (a) to dismiss the petition on the ground that the proceeding was time-barred, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In a letter dated June 22, 2012, counsel for the petitioner advised the Long Island Rail Road Company, sued herein as the Long Island Railroad Company, a subsidiary of the Metropolitan Transportation Authority (hereinafter the LIRR), that it was the holder of various tax lien certificates on certain properties owned by the LIRR, and that it was seeking payment from the LIRR of the amounts owed in connection with the liens. In a letter dated August 24, 2012, the LIRR responded that, as a subsidiary of the Metropolitan Transportation Authority, it was exempt from taxes and assessments on its real property by virtue of Public Authorities Law § 1275. In February 2013, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the LIRR to pay the tax liens in accordance with Real Property Tax Law § 995. Thereafter, the LIRR moved pursuant to CPLR 7804 (f) and 3211 (a) to dismiss the petition on the ground that the proceeding was time-barred, asserting that more than four months had elapsed after the LIRR's determination dated August 24, 2012, became final and binding upon the petitioner. In an order and judgment entered August 21, 2013, the Supreme Court granted the LIRR's motion, and dismissed the proceeding. The petitioner appeals from the order and judgment.

"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "Agency action is 'final and binding upon the petitioner' when the petitioner receives notice that the agency has 'reached a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]' " (*Matter of Olivares v Rhea*, 119 AD3d 866, 867 [2014], quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]).

Here, the petitioner commenced the instant proceeding pursuant to CPLR article 78 more than four months after the LIRR rendered its determination that the LIRR is exempt from paying the tax liens, as set forth in the letter dated August 24, 2012. Contrary to the petitioner's contention, that letter did not create an ambiguity as to whether the LIRR had rendered a final and binding determination (*see Matter of Parker v State*

*of N.Y., Dept. of Motor Vehs.*, 88 AD3d 799 [2011]; *Matter of Hill Park Health Care Ctr., Inc. v Novello*, 12 AD3d 1010, 1012 [2004]). Since the letter dated August 24, 2012, was a final and binding determination, the proceeding was time-barred (*see* CPLR 217 [1]; *Block 3066, Inc. v City of New York*, 89 AD3d 655, 656 [2011]; *Matter of Parker v State of N.Y., Dept. of Motor Vehs.*, 88 AD3d at 800).

In light of our determination, we do not reach the petitioner's contentions regarding the merits of the LIRR's determination that the LIRR is exempt from paying the tax liens (*see Matter of Banos v Rhea*, 25 NY3d 266, 279-280 [2015]; *Matter of Henry v New York City Hous. Auth.*, 122 AD3d 448 [2014]).

Accordingly, the Supreme Court properly granted the LIRR's motion pursuant to CPLR 7804 (f) and 3211 (a) to dismiss the petition on the ground that the proceeding was time-barred, and dismissed the proceeding. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.