■ In the Matter of GREGORY ROMEO, Appellant, v LONG ISLAND RAILROAD COMPANY, Also Known as LIRR, Respondent. [25 NYS3d 301]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, which, after a hearing, terminated the petitioner's employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brown, J.), dated June 5, 2014, which granted that branch of the respondent's motion pursuant to CPLR 3211 (a) (5) which was to dismiss the proceeding on the ground that it was time-barred and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner was employed as a station appearance manager for the respondent, Long Island Railroad Company, also known as LIRR (hereinafter the LIRR). On September 20, 2012, the petitioner participated in a hearing to determine whether his termination was warranted on the ground that he had violated the LIRR's absence control policy. Thereafter, the petitioner was verbally informed that he had been terminated from his employment, effective November 27, 2012. Written notification of the termination was sent to the petitioner, but allegedly was not received because it was sent to an improper address. Thereafter, in March 2014, the petitioner commenced this proceeding pursuant to CPLR article 78. The LIRR moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the proceeding on the ground that it was time-barred. The Supreme Court granted that branch of the LIRR's motion and, in effect, denied the petition and dismissed the proceeding.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding (see CPLR 217 [1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]). There are two requirements for fixing the time when agency action is deemed final and binding. "First, the agency must have reached a definitive

position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d at 34). A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was provided notice of the determination more than four months before the proceeding was commenced (*see Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]; *Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327, 328 [2004]).

Here, after a hearing had been held regarding the petitioner's termination, the petitioner was verbally notified that his employment was terminated on November 27, 2012. Further administrative review of that determination was not available, and the notice given to the petitioner left no doubt that the LIRR had reached a definitive position regarding the petitioner's termination. Since the petitioner was notified of a final and binding determination on November 27, 2012, and the proceeding was not commenced until March 12, 2014, the Supreme Court properly granted that branch of the LIRR's motion which was to dismiss the proceeding on the ground that it was barred by the statute of limitations (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d at 34; *Matter of AJM Capital II, LLC v Long Is. R.R. Co.*, 131 AD3d 474 [2015]; *Matter of Javier v New York City Dept. of Bldgs.*, 127 AD3d 548 [2015]; *Matter of Schwartz v Handy*, 122 AD3d 407 [2014]; *Matter of Olivares v Rhea*, 119 AD3d 866 [2014]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.