Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County (2018 NY Slip Op 05174)





Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County


2018 NY Slip Op 05174


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-07399
 (Index No. 147/15)

[*1]In the Matter of Byron Rodas, appellant, 
v
RISC Program, Family Services, Inc., of Dutchess County, et al., respondents.


Byron Rodas, Dannemora, NY, appellant pro se.
Goldberg Segalla LLP, White Plains, NY (William T. O'Connell of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination involuntarily discharging the petitioner from a sex offender treatment program, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated April 17, 2015, which granted that branch of the respondents' motion which was pursuant to CPLR 217 to dismiss the proceeding on the ground that it was time-barred and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, without costs or disbursements.
On March 21, 2013, the petitioner was involuntarily discharged from a sex offender treatment program for failing to meet his treatment goals. In January 2015, the petitioner commenced this proceeding pursuant to CPLR article 78 to review that determination. The respondents moved, inter alia, pursuant to CPL 217 to dismiss the proceeding on the ground that it was time-barred. The Supreme Court granted that branch of the motion and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). There are two requirements for fixing the time when agency action is deemed final and binding. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced (see Matter of Romeo v Long Is. R.R. Co., 136 AD3d 926, 926-927).
Here, the respondents established that, more than four months before this proceeding was commenced in January 2015, the petitioner was notified that there had been a final and binding [*2]determination to discharge him from the program. In support of their motion, the respondents submitted an affidavit from a clinician who worked with the petitioner in the program. The clinician stated that on March 19, 2013, she informed the petitioner that he had failed a polygraph examination, and therefore would be discharged from the program. The respondents also noted that, annexed to the petition as an exhibit, was a letter from the petitioner to the program administrator, dated April 25, 2014, asking why he had been discharged from the program. Further, in his papers submitted in opposition to the motion, the petitioner acknowledged that he became aware that he had been discharged from the program "in or about May-June of 2013." This evidence was sufficient to establish that the petitioner was notified that there had been a final and binding determination to discharge him from the program by June 2013, at the latest. Moreover, the petitioner's correspondence with the administrators and clinicians of the program regarding the reasons for his discharge did not toll or revive the statute of limitations (see Matter of Robertson v Board of Educ. of City of N.Y., 175 AD2d 836, 837). Accordingly, we agree with the Supreme Court's determination granting that branch of the respondents' motion which was pursuant to CPLR 217 to dismiss the proceeding on the ground that it was time-barred (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34; Matter of Romeo v Long Is. R.R. Co., 136 AD3d at 926; Matter of McCarry v Purchase Coll., State Univ. of N.Y., 98 AD3d 671, 672; 90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev., 227 AD2d 331, 331-332).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court