Matter of Stephen & Mark 53 Assoc. LLC v New York City Dept. of Envtl. Protection (2019 NY Slip Op 00072)





Matter of Stephen & Mark 53 Assoc. LLC v New York City Dept. of Envtl. Protection


2019 NY Slip Op 00072


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8040 151696/17

[*1]In re Stephen & Mark 53 Associates LLC, Petitioner-Appellant,
v
New York City Department of Environmental Protection, et al., Respondents-Respondents.


Granger & Associates LLC, New York (Howard Zakai of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for City respondent.
Barbara D. Underwood, Attorney General, New York (Blair J. Greenwald of counsel), for State respondent.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 4, 2018, dismissing the proceeding brought pursuant to CPLR article 78 to annul respondents' determination, dated October 20, 2016, which denied petitioner's request to order removal of the backflow prevention devices installed in its commercial condominium unit, unanimously affirmed, without costs.
This Court affirms the dismissal of the proceeding on an alternative basis argued to but not reached by the motion court (see Chanin v Machcinski, 139 AD3d 490 [1st Dept 2016]). Petitioner's failure to join as a party the condominium board, which installed the backflow prevention device in dispute, constitutes a failure to join a necessary party (see Matter of Ferrando v New York City Bd. of Stds. & Appeals, 12 AD3d 287, 288 [1st Dept 2004]). Since the applicable statutory period has expired and the condominium board can no longer be joined, and proceeding in its absence would potentially be highly prejudicial to it, the proper remedy is dismissal of the proceeding rather than joinder of the condominium board (id.; see also CPLR 1001 and 1003).
The proceeding was also properly dismissed against respondent Department of Health for the independent reason that it did not make any final determination within the meaning of article 78 (see CPLR 7801[1], 7803[3]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]).
In view of the foregoing, we need not reach the issue of whether the proceeding was timely commenced because a filing made at midnight should be considered as having been made on the day leading up to the midnight. We note, however, that there is conflicting authority [*2]regarding whether a day ends at midnight, begins at midnight, or both ends and begins at midnight, and the parties have not cited to any cases involving the precise situation at issue here.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK