Matter of Olawoyin v New York City Tr. Auth. (2020 NY Slip Op 01388)





Matter of Olawoyin v New York City Tr. Auth.


2020 NY Slip Op 01388


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11143 101670/16

[*1] In re Oluwafemi Olawoyin, Petitioner-Appellant,
v
New York City Transit Authority, Respondent-Respondent.


Oluwafemi Olawoyin, appellant pro se.
David I. Farber, Acting General Counsel, Brooklyn (Bonnie C. Harper of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Barbara Jaffe, J.), entered March 22, 2017, which granted the cross motion of respondent New York City Transit Authority (NYCTA) to dismiss the petition seeking to annul its determination dated June 14, 2016, that petitioner was liable for fare evasion by boarding a Select Bus without first retrieving a ticket from the curbside kiosk, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law and the facts, without costs, the motion to dismiss denied, the petition reinstated and granted, the Notice of Violation issued December 19, 2015 and the determinations of the Transit Adjudication Bureau (TAB) dated March 1, 2016, March 31, 2016, and June 14, 2016, annulled.
Petitioner timely filed the instant proceeding (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Guidelines Governing Proceedings Before the Transit Adjudication Bureau [TAB Guidelines] § 3.7[c]).
Under the unique facts and circumstances of this particular case, respondent's motion to dismiss the petition for failure to state a cause of action should have been denied, the petition granted, the Notice of Violation issued December 19, 2015 and the TAB determinations dated March 1, 2016, March 31, 2016, and June 14, 2016 annulled.
As we find that the petition should have been granted on the merits, we need not reach respondent's objection to venue raised before the Article 78 court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK