Matter of Piech v Mount Pleasant Cemetery Assn. (2022 NY Slip Op 01164)





Matter of Piech v Mount Pleasant Cemetery Assn.


2022 NY Slip Op 01164


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-10256
 (Index No. 5787/18)

[*1]In the Matter of Stephen Piech, Jr., respondent,
v
Mount Pleasant Cemetery Association, appellant.


Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Jennifer Calamia of counsel), for appellant.
Stephen Piech, Jr., Center Moriches, NY, respondent pro se.



DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 78 to review a determination of Mount Pleasant Cemetery Association which denied the petitioner's request to relocate certain cemetery monuments, Mount Pleasant Cemetery Association appeals from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 20, 2019. The judgment, inter alia, in effect, denied Mount Pleasant Cemetery Association's first objection in point of law and granted the petition.
ORDERED that the judgment is reversed, on the law, with costs, the first objection in point of law is granted, the petition is denied, and the proceeding is dismissed.
In 1967, upon the death of the petitioner's father, the petitioner's mother purchased from Mount Pleasant Cemetery Association (hereinafter the appellant) a cemetery plot with four graves, two in the front and two in the back. The petitioner's father was interred in one of the front graves. The same year, the petitioner's mother purchased a family monument which was placed behind the front graves. The petitioner's mother died in 2017 and was interred in the second front grave. Thereafter, the petitioner and his wife purchased a second, smaller monument for themselves, which was installed in March 2018 behind the back graves.
On June 12, 2018, the petitioner attended the appellant's annual lot owners' meeting and formally requested to switch the location of the two monuments. The next day, on June 13, 2018, the appellant's presiding director called the petitioner and advised him that the board of directors had unanimously rejected his request. Thereafter, on or about October 29, 2018, the petitioner commenced the instant proceeding, in effect, pursuant to CPLR article 78 to review the appellant's determination. The appellant answered the petition and raised objections in point of law, the first of which was that the petition was barred by the statute of limitations. By judgment dated June 20, 2019, the Supreme Court, inter alia, in effect, denied the appellant's first objection in point of law and granted the petition. This appeal ensued.
"A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner" (Matter of Zherka v Ramos, 173 AD3d 746, 747; see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. and Telecom. of City of N.Y., 5 NY3d 30, 33; Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d 682, 683). "There are two [*2]requirements for fixing the time when the agency action is deemed final and binding" (Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683). "'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (id., quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced (see Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683; Matter of Romeo v Long Is. R.R. Co., 136 AD3d 926, 927; Matter of Bill's Towing Serv., Inc. v County of Nassau, 83 AD3d 698, 699).
Here, the appellant established that the petitioner was notified that there had been a final and binding determination denying his request to relocate the monuments on June 13, 2018, more than four months before this proceeding was commenced. Indeed, the petition states that, on June 13, 2018, the presiding director telephoned the petitioner "and told [him] that the board had unanimously rejected [his] request." Further, the appellant submitted with its answer and objections in points of law a letter the petitioner sent in on June 14, 2018, confirming that its director informed him on June 13, 2018, "that my request to reverse the monuments on our family plot was denied." Because the instant proceeding was commenced more than four months after the petitioner was notified of the appellant's final and binding determination, the Supreme Court should have granted the appellant's first objection in point of law (see Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683-684; Matter of Romeo v Long Is. R.R. Co., 136 AD3d at 927).
In light of our determination, we need not reach the appellant's remaining contentions.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court