Matter of Fiondella v Town of E. Hampton Architectural Review Bd. (2023 NY Slip Op 00319)

Matter of Fiondella v Town of E. Hampton Architectural Review Bd.

2023 NY Slip Op 00319

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-02721
 (Index No. 4581/19)

[*1]In the Matter of Paul Fiondella, appellant,
v
Town of East Hampton Architectural Review Board, respondent.

Charla R. Bikman, East Hampton, NY, for appellant.
John C. Jilnicki, Town Attorney, East Hampton, NY (NancyLynn Thiele of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of East Hampton Architectural Review Board dated April 25, 2019, which, after a hearing, denied the petitioner's application for approval of an existing gate and deer fence, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 6, 2020. The order and judgment, in effect, granted the respondent's motion to dismiss the petition as time-barred, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is reversed, on the law, with costs, the respondent's motion to dismiss the petition as time-barred is denied, and the petition is reinstated.
The petitioner is the owner of a residence located in the Town of East Hampton. In April 2019, the petitioner applied to the respondent for approval of an existing gate and deer fence. On April 25, 2019, the respondent denied the petitioner's application. The determination denying the application was filed with the Town Clerk on April 26, 2019, and a copy of the determination was mailed to the petitioner on April 29, 2019.
On August 29, 2019, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the determination of the respondent denying the petitioner's application. The respondent moved to dismiss the petition as time-barred. By an order and judgment dated January 6, 2020, the Supreme Court, in effect, granted the motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
"A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner" (Matter of Zherka v Ramos, 173 AD3d 746, 747; see CPLR 217[1]). A determination becomes "'final and binding upon the petitioner' when the petitioner receives notice that the agency has 'reached a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]'" (Matter of Olivares v Rhea, 119 AD3d 866, 867, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34; see Matter [*2]of Piech v Mount Pleasant Cemetery Assn., 202 AD3d 1089, 1091). Proof of proper mailing gives rise to a rebuttable presumption that the determination was received by the petitioner five days after mailing (see CPLR 2103[b][2]; Matter of Olivares v Rhea, 119 AD3d at 867; Matter of Rodriguez v Wing, 251 AD2d 335, 336).
Here, based on the undisputed evidence demonstrating that the mailing of the determination to the petitioner occurred on April 29, 2019, it is presumed that the petitioner received the determination on May 4, 2019. Thus, his time to commence the instant proceeding did not expire until four months later, on September 4, 2019. Therefore, the instant proceeding was timely commenced.
Accordingly, the Supreme Court should have denied the respondent's motion to dismiss the petition as time-barred.
In light of the foregoing, we need not reach the petitioner's remaining contention.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court