Matter of Hepco Plumbing & Heating v New York City Dept. of Bldgs. (2024 NY Slip Op 02704)

Matter of Hepco Plumbing & Heating v New York City Dept. of Bldgs.

2024 NY Slip Op 02704

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-06755
 (Index No. 518016/20)

[*1]In the Matter of Hepco Plumbing & Heating, appellant, 
v
New York City Department of Buildings, et al., respondents.

Gil V. Perez, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Elizabeth I. Freedman of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of the New York City Office of Administrative Trials and Hearings dated June 12, 2017, and March 16, 2018, which, respectively, (1) upon the petitioner's failure to appear at a hearing, found that the petitioner violated Administrative Code of the City of New York § 28-105.1 and imposed a penalty, and (2) denied the petitioner's motion to vacate its default, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Katherine A. Levine, J.), dated August 6, 2021. The order and judgment denied the petitioner's motion for mandamus relief, denied the petition, and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In November 2016, the New York City Department of Buildings (hereinafter DOB) issued a summons to the petitioner, a plumbing and heating company, alleging a violation of Administrative Code of the City of New York § 28-105.1 for performing work on a gas line without a permit. The summons directed the petitioner to appear at a hearing before the New York City Office of Administrative Trials and Hearings (hereinafter OATH) on February 13, 2017. On February 13, 2017, and April 3, 2017, an OATH hearing officer granted the petitioner's motions to adjourn the hearing. On April 3, 2017, OATH mailed a notice informing the petitioner that the rescheduled hearing date for the summons was June 5, 2017.
Upon the petitioner's failure to appear at the June 5, 2017 hearing, on June 12, 2017, OATH issued a determination finding that the petitioner violated Administrative Code § 28-105.1 and imposing a penalty. The determination, which was mailed to the petitioner by first-class mail on June 13, 2017, informed the petitioner, inter alia, that it could move to vacate its default by filing a request for a new hearing no more than 60 days after of the date of mailing of the determination. On January 26, 2018, the petitioner moved to vacate its default. On March 16, 2018, OATH issued a determination denying the petitioner's motion to vacate its default because the motion was submitted more than 60 days after the mailing of the June 12, 2017 determination and the petitioner did not establish a reasonable excuse for its failure to appear.
Thereafter, in September 2020, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determinations dated June 12, 2017, and March 16, 2018. On April 4, 2021, the petitioner filed a motion for mandamus relief, seeking, inter alia, to compel DOB to grant the petitioner's application to renew its plumbing license. On April 5, 2021, DOB renewed the petitioner's plumbing license.
In an order and judgment dated August 6, 2021, the Supreme Court denied the petitioner's motion for mandamus relief as academic, denied the petition, and, in effect, dismissed the proceeding. The petitioner appeals.
"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217[1]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). "A determination becomes final and binding upon the petitioner when the petitioner receives notice that the agency has reached a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]" (Matter of Fiondella v Town of E. Hampton Architectural Review Bd., 212 AD3d 811, 811; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34).
Here, since the proceeding was commenced more than four months after the determinations by OATH on June 12, 2017, and March 16, 2018, the proceeding was barred by the statute of limitations (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). The proofs of mailing of the determinations to the petitioner on June 13, 2017, and March 19, 2018, respectively, gave rise to a rebuttable presumption that each determination was received by the petitioner five days after mailing (see CPLR 2103[b][2]; Matter of Fiondella v Town of E. Hampton Architectural Review Bd., 212 AD3d at 812). Contrary to the petitioner's contention, its bare denial of service was insufficient to rebut the presumption of proper service (see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993-994; Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 800). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 956). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries" (Coleman v Daines, 19 NY3d 1087, 1090). "Thus, a matter is academic 'unless an adjudication of the merits will result in immediate and practical consequences to the parties'" (Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d at 957, quoting Coleman v Daines, 19 NY3d at 1090).
Here, since the petitioner already received the ultimate relief it was seeking on its motion for mandaums relief, the Supreme Court properly determined that the motion had been rendered academic.
The petitioner's remaining contentions are not properly before this Court.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court