Galicia v Asrar (2023 NY Slip Op 01740)

Galicia v Asrar

2023 NY Slip Op 01740

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 21250/16 Appeal No. 17604 Case No. 2022-05107 

[*1]Lucio Galicia, Plaintiff, Tower Insurance Company of New York, Intervenor, Plaintiff-Appellant,
v
Sayad Asrar, Defendant. Alan S. Friedman, Nonparty Respondent.

Marschhausen & Fitzpatrick, P.C., Hicksville (Kevin P. Fitzpatrick of counsel), for appellant.
Alan S. Friedman, New York, respondent pro se.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 29, 2022, which, to the extent appealed from, granted nonparty Alan S. Friedman, Esq.'s motion to impose a charging lien on the first proceeds of any settlement or judgment obtained by plaintiff Tower Insurance Company of New York, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Lucio Galicia was injured in an accident involving defendant's vehicle, and thereafter received workers' compensation benefits of approximately $111,576 from plaintiff Tower, his employer's insurance carrier. Defendant tendered his $25,000 policy in settlement of the action, and Tower conditionally approved a settlement under which Galicia's attorney, Friedman, would have received $8,333 and Tower would have received the remainder. Thereafter, Galicia declined to pursue the action and Tower was granted leave to intervene to protect its lien under Workers' Compensation Law § 29(1). Friedman attempted to locate his client, but was unable to do so. Friedman then moved for an order discharging him as attorney of record for Galicia and granting him a charging lien in the amount of $8,333.33, representing the sum he would have received under the settlement rejected by his client. Tower appeals so much of Supreme Court's order as granted Friedman's request for a charging lien.
The motion court erred in fixing Friedman's charging lien at one-third of the rejected settlement offer, as this sum never "attache[d] to a . . . settlement, judgment or final order in his . . . client's favor" (Judiciary Law § 475). An attorney who has not been discharged for cause may recover the reasonable value of his services on a quantum meruit basis, whether that is more or less than the amount provided for in the retainer agreement (see Shalom Toy, Inc. v Each And Every One of Members of N.Y. Prop. Ins. Underwriting Assn. , 239 AD2d 196, 198 [1st Dept 1997]). Pursuant to Workers' Compensation Law § 29(1), as amended in 1975, attorneys' fees incurred in effectuating recovery from a third party "shall be equitably apportioned by the court" between the plaintiff employee and the insurance carrier (see Matter of Kelly v State Ins. Fund , 60 NY2d 131, 136-138 [1983]). It is not clear on this record exactly how much work Friedman did, the amount, if any, of recovery from defendant, or the degree to which such recovery will be due to Friedman's efforts. Accordingly, the motion court should not have granted Friedman's request for a charging lien at this stage of the litigation.
Tower's previous conditional agreement to a settlement offer that was never consummated does not prevent it in any way or estop it from opposing Friedman's claim now, since its position is not inconsistent and it never received any benefit from its prior position (see generally D & L Holdings v Goldman Co. , 287 AD2d 65, 71 [1st Dept 2001], lv denied 97 NY2d 611 [2002]). Contrary to Friedman's contention, Tower is not being unjustly [*2]enriched, but is asserting its statutory lien, after intervening in the action and pursuing a claim independently against defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023