Matter of Farca v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2023 NY Slip Op 05360)

Matter of Farca v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2023 NY Slip Op 05360

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 155911/22 Appeal No. 865 Case No. 2023-00313 

[*1]In the Matter of Mindle Farca, Petitioner-Appellant,
v
the Board of Education of the City School District of the City of New York et al., Respondents-Respondents.

Jimmy Wagner, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for respondents.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered December 22, 2022, which, upon reargument, adhered to its prior judgment, entered November 9, 2022, denying the petition to annul a determination of the City of New York Reasonable Accommodation Appeals Panel (the Citywide Panel), dated March 7, 2022, which denied petitioner's request for a religious exemption from the COVID-19 vaccination requirement for employees of the New York City Department of Education, granting respondents' cross-motion to dismiss the petition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly determined that this proceeding, commenced on July 15, 2022, is time-barred. The Citywide Panel's March 7, 2022 determination "reached a definitive position on the issue" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]) by denying petitioner's request for a religious exemption from the vaccination mandate. The determination notified petitioner that she had only seven days in which to extend her leave without pay or return to work, and warned her that if she chose neither option, she would be "subject to termination." Thus, the determination required petitioner to comply with the vaccination mandate, over her avowed religious opposition, in order to keep being paid for her job. That determination "inflict[ed] actual, concrete injury" (id.). In addition, this injury could not "be prevented or significantly ameliorated by further administrative action or by steps available to" petitioner (id.). Accordingly, petitioner's time in which to bring an article 78 proceeding challenging the determination expired on July 7, 2022, four months after the date of the Citywide Panel's determination (CPLR 217[1]).
Petitioner fails to establish that the doctrine of judicial estoppel applies to this case. Assuming, without deciding, that respondents' ripeness argument in the article 78 proceeding cited by petitioner was inconsistent with their position on the statute of limitations in the instant case, respondents "never received any benefit from [their] prior position" in the other proceeding (Galicia v Asrar, 214 AD3d 590, 592 [1st Dept 2023]), which was dismissed solely on different grounds (cf. Maas v Cornell Univ., 253 AD2d 1, 5 [1999], affd 94 NY2d 87 [1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023