## 933 Amsterdam Holdings, LLC v Jenkins

2024 NY Slip Op 31526(U)

April 30, 2024

Supreme Court, New York County

Docket Number: Index No. 155045/2019

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LISA S. HEADLEY**      PART      **28M**

*Justice*

-----------------------------------------------------------------------X

933 AMSTERDAM HOLDINGS, LLC,

            Plaintiff,

     - v -

KIMBERLY JENKINS, JOHN DOE, JANE DOE

            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155045/2019 |
| MOTION DATE | 11/02/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111

were read on this motion to/for            AMEND CAPTION/PLEADINGS        .

Plaintiff, 933 Amsterdam Holdings, LLC ("933 Amsterdam") filed the instant motion, pursuant to *CPLR §§1018* and *1021*, for an Order to substitute "HP MJM Housing Development Fund Company" ("HP MJM Housing") as the plaintiff in this action.

In the motion, plaintiff also seeks an Order, pursuant to *RPL §220 and RPAPL §601*, to direct defendant Kimberly Jenkins ("defendant") to pay past, present and future use and occupancy. The defendant filed opposition, as well as a cross-motion for summary judgment to dismiss the plaintiff's complaint. Plaintiff filed opposition to the cross motion.

**Substitution of Plaintiff**

In support of the motion, plaintiff submits, *inter alia*, an attorney affirmation of Andrew Bittens, Esq., an affidavit of Elizabeth Jimenez, the property manager for the current owner, HP MJM Housing (*NYSCEF Doc. No. 76*), the plaintiff's bargain and sale deed dated July 11, 2013 (*NYSCEF Doc. No. 82)*, the lease agreements between plaintiff and defendant dated September 12, 2017 (*NYSCEF Doc. No. 83),* the Certificate of Occupancy for the subject premises (NYSCEF Doc. No. 84), and the DHCR apartment registration for Apartment 1C of the subject premises. (*NYSCEF Doc. No. 87).*

Plaintiff argues that this ejectment action was properly commenced by the plaintiff, who was the owner of the property, 933 Amsterdam Avenue, New York, New York ("subject premises"), and the current owner now seeks to continue the action initiated by the plaintiff. In her affidavit, Ms. Jimenez attests that on October 13, 2021, HP MJM Housing purchased the subject premises from the plaintiff. Plaintiff argues that HP MJM Housing is entitled to "enforce any decision and judgment by plaintiff against defendant without having to commence a new action." Plaintiff also contends that title of the building was transferred to HP MJM Housing subsequent to

**155045/2019 933 AMSTERDAM HOLDINGS, LLC vs. JENKINS, KIMBERLY**
**Motion No. 003**

**Page 1 of 6**

the commencement of this action, and the current owner, as the successor-in-interest, should be allowed to substitute the plaintiff.

In opposition, the defendant contends the deed submitted in support of the motion does not show ownership to the current owner, and merely shows the purchase of the premises by plaintiff. In reply, the plaintiff corrected this error, and submitted the deed transferring title from the plaintiff to HP MJM Housing. (*See, NYSCEF Doc. No. 109*). The defendant also argues that, even assuming that the sale occurred, the plaintiff does not explain the delay in seeking a substitution of the parties until June 2023, or explains why plaintiff offered renewal leases, dated May 2, 2022, to the defendant under the name "Amsterdam Affordable Holdings 2 LLC". (*See, NYSCEF Doc. No. 97*). Therefore, the defendant argues that the motion to substitute the plaintiff must be denied.

*CPLR §1021* states, in part, that "a motion for substitution may be made by the successors or representatives of a party or by any party[.]" *See, CPLR §1021. CPLR §1018* states that "upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." *See, CPLR §1018.*

*Real Property Law § 223* states, in part, that "the grantee of leased real property ... has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent ... or for other cause of forfeiture as his grantor ... would have had if the reversion had remained in him." *Real Property Law § 223*.; See also, *Bacik v. JEP Rest. Corp*, 2016 N.Y. Slip Op. 31641[U], 9 (N.Y. Sup Ct, New York County 2016).

Here, the new owner, HP MJM Housing Development Fund Company succeeds to the rights possessed by the plaintiff, who is the prior owner. The Bargain and Sale Deed dated October 13, 2021, demonstrates that the plaintiff conveyed title to the subject property, located at 933 Amsterdam Avenue, New York, N.Y., to HP MJM Housing Development Fund Company, as nominee for Amsterdam Affordable Holdings 2 LLC. (*NYSCEF Doc. No. 109*). Thus, the title and deed submitted is sufficient to demonstrate that HP MJM Housing Development Fund Company has a real and substantial interest in the outcome of this action. *See, Midland Mortg. Co. v. Imtiaz,* 110 A.D.3d 773 (2d Dep't 2013). Therefore, the portion of the Plaintiff's motion to substitute plaintiff for current owner HP MJM Housing Development Fund Company, pursuant to *CPLR §§ 1018* and *CPLR 1021,* is granted.

**Use and Occupancy**

In the motion, plaintiff also seeks an order directing defendant to pay past, present, and future use and occupancy. The property manager contends that the defendant continues to reside in the subject premises and refuses to vacate. Plaintiff argues that the defendant should not be afforded the opportunity to live rent free during the pendency of litigation. The property manager attests that the defendant-tenant entered into a lease agreement for Apartment 1C of the subject building for the period September 13, 2017, through August 31, 2018, at a monthly rental rate of $2,475.00. The property manager attests that the defendant failed to pay use and occupancy since November 2017, and owes $167,185.00 in past due rent and/or use and occupancy from November 2017 to August 2023.

**155045/2019   933 AMSTERDAM HOLDINGS, LLC vs. JENKINS, KIMBERLY**   Page 2 of 6
**Motion No.  003**

2 of 6

[* 2]

In opposition, defendant challenges the amount allegedly owed in past due rent and use and occupancy through August 2023 totaling $167,185.00. Defendant acknowledges that she has resided at the subject premises since September 2017. Defendant contends that her original lease expired on August 31, 2018, and the plaintiff offered a second lease for a 12-month term, which she did not sign because the landlord-plaintiff filed a nonpayment petition against the tenant-defendant in Housing Court. The defendant claims that the landlord initially did not inform her that the subject apartment was intended for commercial purposes. Defendant also claims that the defendant-landlord failed to make various repairs to the refrigerator, the stove, and the washing machine. Defendant argues that because the apartment is illegal, the plaintiff is not entitled to rent or use and occupancy until there is a proper certificate of occupancy including the subject premises.

The plaintiff also maintains that the subject premises is illegal, however "there is a certificate of occupancy at the subject building that permits residential apartment use on the ground floor of the subject building as well as throughout the subject building." (*See, NYSCEF Doc. No. 84*). The plaintiff insists that the subject premises is properly registered as a multiple dwelling (*NYSCEF Doc. 108*), and the plaintiff's apartment unit was properly registered with a legal regulated rent of $2,475.00 (*NYSCEF Doc. No. 87*). Therefore, there is nothing preventing this Court from issuing an Order directing defendant from paying use and occupancy.

The plaintiff's motion for use and occupancy is denied at this time. Here, there is no dispute the defendant's apartment is an illegal dwelling in its current form. Although there is a certificate of occupancy for the subject building that permits residential apartment use of the ground floor, it does not include the defendant's apartment. The defendant submits the affidavit of architect, Gregg Rothstein, who attests that the certificate of occupancy only permits the use of two apartments on the first floor, and the subject premises, Unit 1C, is the third unit on the ground floor. Furthermore, Mr. Rothstein contests that the subject premises is illegal because "it is a newly created third class "A" residential unit, for a building that only permits 2 Class "A" units, and the subject premises does not comply with the Americans Disabilities Act, or with the minimum requirements of the Multiple Dwelling Law and the City of New York Housing Maintenance Code." (*NYSCEF Doc. No. 92*). Specifically, the configuration of the bathroom and kitchen "do not meet the requisite square footage requirements for bathrooms and kitchens and the workspace requirements for kitchens." *Id*. The plaintiff in the attorney's affirmation acknowledges that the subject premises is illegal.

In referring to unlawfully occupied dwellings or structures, *Multiple Dwelling Law §302* provides that: "[n]o rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent." *Multiple Dwelling Law §302 (1)(b).* "In the absence of a multiple dwelling registration and conforming certificate of occupancy, a landlord cannot recover rent or use and occupancy, and this restriction cannot be waived[.]" *Dawkins v. Ruff,* 10 Misc. 3d 88, 89 (App Term 2005), [internal citations omitted]. Therefore, the plaintiff cannot recover for rent, or use and occupancy for the subject premises at this time.

**155045/2019   933 AMSTERDAM HOLDINGS, LLC vs. JENKINS, KIMBERLY**              **Page 3 of 6**
**Motion No.  003**

3 of 6

**The Defendant's Cross-Motion for Summary Judgment and to Dismiss the Complaint**

The defendant filed a cross-motion for summary judgment, and to dismiss the plaintiff's complaint. Defendant submits, *inter alia*, her own affidavit, the attorney affirmation of Kensing Ng., Esq., the affidavit of architect Gregg Rothstein, the Housing Court non-payment petition dated May 18, 2018, the Housing Court Order dated January 7, 2019, the Lease Extension Offer dated May 2, 2022, the Apartment Registration dated September 28, 2022 (*NYSCEF Doc. No. 98*); the Apartment Registrations for the period 2018 to 2021 (*NYSCEF Doc, No. 99*), and her rent statements for the period February 2022, March 2022, July 2022, August 2022, and September 2022 (*NYSCEF Doc. No. 101*).

In support of the cross-motion, the defendant argues, *inter alia*, that the plaintiff's cause of action is barred by *res judicata* and judicial estoppel because plaintiff attempts to raise the issue of whether the subject premises is illegal, and this issue was already raised in the Housing Court proceeding. The defendant argues that the plaintiff's complaint lack sufficient evidence that the subject premises is illegal and is incapable of being legalized. Defendant further asserts that the plaintiff has an obligation to make the apartment legal prior to filing this ejectment action against the defendant. Next, the defendant argues that the plaintiff acted in bad faith in holding out the subject premises as legal. Defendant claims that the plaintiff has repeatedly held out the subject premises to be legal by way of presenting the defendant with the 2022 rent statements, and offering the defendant lease extensions, and filing the apartment registration of the subject premises with DHCR.

In opposition to the defendant's cross-motion, the plaintiff contends that there has not been any judicial determination regarding the illegality of the subject premises, therefore the "defendant is collaterally estopped from claiming illegality of the subject premises to avoid paying use and occupancy." Plaintiff argues that this Court already denied its motion for summary judgment, and the Court "did not make any finding that the subject premises is illegal so that Plaintiff is not precluded from seeking rent/use and occupancy." (*See, NYSCEF Doc. No. 107*). Plaintiff argues that "because the prior nonpayment proceeding in Housing Court concerned the lease between the parties as does this ejectment action does not mean that Plaintiff is barred by *res judicata.*" These cases are completely different. In Housing Court, the plaintiff sought possession of the apartment for nonpayment of rent, and here, the plaintiff is seeking to remove defendant from the premises and to terminate the landlord-tenant relationship. In addition, plaintiff argues that it "cannot be precluded from bringing this ejectment action, essentially a holdover proceeding by another name, since it could not have brought a holdover proceeding at the same time or prior to the nonpayment proceeding since they are mutually exclusive remedies."

Lastly, plaintiff asserts that the subject premises is not capable of being legalized due to the impossibility of making the current apartment legal because the apartment does not comply with the requirements of the Americans with Disabilities Act and the Multiple Dwelling Law. Further, the plaintiff argues that the defendant did not "refute Plaintiff's expert witness statements that the subject premises does not comport with the existing requirements of the Americans with Disabilities Act as well as the Multiple Dwelling Law and that it would be impossible to do so."

**155045/2019   933 AMSTERDAM HOLDINGS, LLC vs. JENKINS, KIMBERLY**                    **Page 4 of 6**
**Motion No.  003**

4 of 6

[* 4]

Nonetheless, the plaintiff argues that it is entitled to use and occupancy if the defendant refuses to vacate the subject premises.

"It is well settled that 'the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'. " *Pullman v. Silverman*, 28 NY3d 1060, 1062 (2016), quoting, *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 (1985).

"Under *res judicata*, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action." *See, Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, (2021). "One linchpin of *res judicata* is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously 'brought to a final conclusion'." *Id.* Therefore, in order to determine whether two claims arise out of the same transaction or series of transactions, "courts should analyze whether the claims turn on facts that 'are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage'." *Id.*

"[C]ollateral estoppel prevents a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against the party... whether or not the… causes of action are the same." *See, Cruz v. Miller UK Ltd.,* 214 A.D.3d 590 (1st Dep't 2023). The Housing Court judge, Hon. Timmie Elsner, issued a Decision and Order in the non-payment proceeding dated January 7, 2019, and granted the defendant-tenant's motion for summary judgment, thereby dismissing the case filed by the plaintiff-landlord because "the subject premises is in a building with more than six (6) units constructed before 1974 and is therefore subject to rent stabilization." Judge Elsner's Decision and Order also dismissed the defendant-tenant's rent overcharge claims and directed her to "file a Fair Market Rent appeal before DHCR." (*See, NYSCEF Doc. 96*).

Here, the Court recognizes that the parties remain the same, but the issues are not similar. This instant action in Supreme Court, seeks the ejectment of the plaintiff from the subject premises, use and occupancy, and attorney's fees. These issues were not raised in the prior proceeding, which was before a different forum in Housing Court, where the plaintiff sued the defendant for nonpayment of rent. Further, there has not been a final conclusion as to the nonpayment of rent because the Order issued in by Hon. Elsner granted the tenant's motion to dismiss the nonpayment proceeding on the basis that the apartment may have been subject to rent regulation, and further directed the defendant to address the rent regulation issue by filing an appeal with DHCR. Therefore, defendant's cross-motion for summary judgment, and motion to dismiss this action must be denied.

Accordingly, it is hereby

**ORDERED** that the portion of the plaintiff's motion to substitute current owner, "HP MJM Housing Development Fund Company" as plaintiff is GRANTED; and it is further

**155045/2019  933 AMSTERDAM HOLDINGS, LLC vs. JENKINS, KIMBERLY**
**Motion No.  003**

Page 5 of 6

5 of 6

**ORDERED** that the portion of the plaintiff's motion for use and occupancy *pendente lite* is DENIED at this time. The plaintiff can renew the application for use and occupancy at trial; and it is further

**ORDERED** that defendant's cross-motion for summary judgment and to dismiss plaintiff's complaint is DENIED, and it is further

**ORDERED** that the plaintiff is directed to file form EF 23 to reflect the change in the caption; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| 4/30/2024 | | | LISA S. HEADLEY, J.S.C. |
|-----------|--|--|------------------------|
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|---|----------------------|--|--|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155045/2019   933 AMSTERDAM HOLDINGS, LLC vs. JENKINS, KIMBERLY**
**Motion No.  003**

Page 6 of 6

6 of 6