**Matter of Long Island Express Deli & Grocery Corp. v NYC Consumer & Worker Protection**

2025 NY Slip Op 30600(U)

February 20, 2025

Supreme Court, New York County

Docket Number: Index No. 161714/2023

Judge: Shahabuddeen Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. SHAHABUDDEEN A. ALLY                    PART 16M
                           *Justice*

| | |
|---|---|
| In the Matter of the Application of | **INDEX NO.** 161714/2023 |
| LONG ISLAND EXPRESS DELI & GROCERY CORP., | **MOTION DATE** 2/20/2024 |
| Petitioner, | **MOTION SEQ. NO.** 001 |
| For a Judgment pursuant to Article 78 | |
| -against- | **DECISION & ORDER** |
| NYC CONSUMER AND WORKER PROTECTION and OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS, | |
| Respondents. | |

The following e-filed documents, listed by NYSCEF document number, were read on this cross-motion (Seq. No. 1) to/for **DISMISSAL**: 1-8, 10, 12-22, 24

In this Article 78 proceeding, petitioner LONG ISLAND EXPRESS DELI & GROCERY CORP. ("Petitioner"), a convenience store located at 91-16A Sutphin Boulevard, Jamaica, New York 11435, seeks judicial review of respondent NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS's ("OATH") June 8, 2023 denial of Petitioner's motion to vacate a default and request for a new hearing. Petitioner commenced this proceeding by Verified Petition and Order to Show Cause on December 1, 2023. (NYSCEF Docs. 1-2) The Court signed the Order to Show Cause on December 6, 2023. (*Id.* Doc. 10) On January 11, 2024, OATH and respondent NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION ("DCWP"; and, together with OATH, "Respondents") cross-moved, pursuant to CPLR § 217(1) and Rule 3211(a)(5), to dismiss the Verified Petition as untimely under the four-month statute of limitations applicable to Article 78 proceedings. (NYSCEF Docs. 12-22) Petitioner opposes the cross-motion. (NYSCEF Doc. 24) For the reasons discussed below, the cross-motion is **GRANTED**, and the Verified Petition is **DISMISSED**.

[* 1]

## I.  BACKGROUND

On August 22, 2022, DCWP issued Summons No. 22T03268 (the "Summons") to Petitioner. (Verified Pet., dated Dec. 1, 2023 ("Pet.") (NYSCEF Doc. 1)), ¶ 8; Aff. of Mohsen Al Muflehi, sworn to on Dec. 1, 2023 ("Muflehi Aff.") (NYSCEF Doc. 4), ¶ 2; Muflehi Aff. Ex. A (NYSCEF Doc. 5)) The Summons cites two violations for the sale of cigarettes to a person under 21 years of age. (Muflehi Aff. Ex. A at 1-2 (citing N.Y.C. Admin. Code. § 17-706(a); N.Y. Pub. Health L. § 1399-cc(2))) The Summons further indicates that a hearing is scheduled before OATH for December 9, 2022, at 10:30 a.m. (*Id.* at 1)

No representative for Petitioner appeared at the December 9, 2022 OATH hearing, resulting in OATH issuing a default order and recommended decision concerning the Summons on January 5, 2023 (the "Default Order"). (*Id.* Ex. B (NYSCEF Doc. 6); *see also* Pet. ¶ 9)

On December 12, 2022, an individual named Yasser Ali submitted a request to OATH for a new hearing. (*See* Pet. ¶ 10; Muflehi Aff. Ex. C (NYSCEF Doc. 7); Affirm. in Supp. of Resp'ts' Cross-Mot. to Dismiss the Verified Pet., dated Jan. 11, 2024 ("Ikard Affirm.") (NYSCEF Doc. 13), ¶ 38; Ikard Affirm. Ex. D (NYSCEF Doc. 17)) In response to the request, OATH sent a letter entitled Request for Information on Standing, dated January 17, 2023, to Mr. Ali. (Pet. ¶ 10; Muflehi Aff. Ex. C) The letter explained (1) that OATH could not grant or deny Mr. Ali's request for a new hearing without evidence that Petitioner authorized Mr. Ali to make the request and (2) that failure to respond within 10 days would result in OATH deeming the request abandoned. (Muflehi Aff. Ex. C) OATH ultimately did not receive any response from Mr. Ali. (*See* Pet. ¶ 10; Ikard Affirm. ¶ 44)

On April 13, 2023, DCWP issued a final decision and order on the Summons. (Ikard Affirm. ¶ 45; *id.* Ex. F (NYSCEF Doc. 19))

On June 1, 2023, Petitioner submitted a motion to vacate the Default Order and a second request for a new hearing. (Ikard Affirm. ¶ 50; *id.* Ex. G (NYSCEF Doc. 20); *see also* Pet. ¶ 12) OATH denied the motion by final determination dated June 8, 2023 (the "6/8/23 Determination"), on the grounds that the "request was submitted more than 75 days after the mailing or hand delivery of the default decision and did not establish a reasonable excuse for your failure to appear." (Muflehi Aff. Ex. D (NYSCEF Doc. 8); *see also* Pet. ¶ 13) On June 8, 2023, copies of the 6/8/23

161714/2023 Long Island Express Deli & Grocery Corp. v. NYC Consumer and Worker Protection et al.
Mot. Seq. No. 001

Page 2 of 5

2 of 5

Determination were mailed to Petitioner at 9116A Sutphin Boulevard, Jamaica, New York 11435, and to Hussain Almuflahi at 85-91 150th Street, Jamaica, New York 11435. (Ikard Affirm. ¶ 55; *id.* Ex. H (NYSCEF Doc. 21) at 4-5)

Petitioner subsequently commenced this Article 78 proceeding on December 1, 2023. (*See* Pet.)

## II.   DISCUSSION

CPLR Rule 3211(a)(5) provides that a party may move to dismiss a claim where the cause of action may not be maintained due to, among other things, commencement past the applicable limitations period. A defendant who seeks dismissal pursuant to this provision bears the initial burden of establishing, prima facie, that the time in which to sue has expired. *Singh v. N.Y.C. Health & Hosps. Corp.*, 107 A.D.3d 780, 781 (2d Dep't 2013). If that initial burden is met, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the suit was commenced within the asserted period. *Id.*

A special proceeding commenced pursuant to Article 78 to challenge an administrative agency's final determination must be made within four months after the determination becomes final. CPLR § 217(1); *see also Solnick v. Whalen*, 49 N.Y.2d 224, 232 (1980). A determination becomes final once it "impose[s] an obligation, den[ies] a right, or fix[es] some legal relationship as a consummation of the administrative process." *Essex Cnty. v. Zagata*, 91 N.Y.2d 447, 453 (1998) (quoting *Chi. & S. Air Lines v. Waterman Corp.*, 333 U.S. 103, 113 (1948)). An agency decision is not final if the party's grievance may be "prevented or significantly ameliorated by further administrative action or by steps available to the complaining party." *Id.* (quoting *Church of St. Paul & St. Andrew v Barwick*, 67 N.Y.2d 510, 520 (1986)).

Pursuant to Section 6-01(a) of Title 6 of the Rules of the City of New York ("RCNY"), adjudication of summonses based on alleged violations of laws and regulations overseen by DCWP is conducted by OATH. A respondent who fails to appear at OATH for a hearing on a summons is deemed to have defaulted. 48 RCNY § 6-20(a). A respondent who has received a default determination from OATH may request a new hearing. *Id.* § 6-21(a). Such a request must be dated, contain a current mailing address for the respondent, and explain how and when the respondent

learned of the violation. *Id.* A first request submitted within seventy-five days of the mailing or hand delivery of the default will be granted as a matter of course. *Id.* § 6-21(b). Requests made after seventy-five days of the default but within one year must include a statement setting forth a reasonable excuse for the default and are granted at the Hearing Officer's discretion. *Id.* § 6-21(c). A denial of such a request constitutes a final determination and is not subject to further review by or appeal to OATH. *See id.* § 6-21(j).

Here, the 6/8/23 Determination was a final determination and, as such, its mailing commenced the four-month period for petitioner to bring an Article 78 proceeding. Notwithstanding petitioner's argument that the face of the 6/8/23 Determination did not expressly inform Petitioner that the denial of the motion to vacate constituted a final determination, 48 RCNY § 6-21(j) is explicit that a denial of a motion to vacate constitutes a final determination and that no recourse other than an Article 78 proceeding is available upon denial of such a motion. *3680 Broadway Equities Inc. v. City of N.Y.*, Index No. 153519/2023, at *5-6 (N.Y. Sup. Ct. N.Y. Cnty. Jan. 9, 2024) (J. Ally). Therefore, the statute of limitations for Petitioner to commence an Article 78 proceeding challenging the 6/8/23 Determination expired on October 13, 2023, four months and five days after the 6/8/23 Determination was mailed to Petitioner. *See* CPLR §§ 217(1), 2103(b)(2); *Fiondella v. Town of E. Hampton Architectural Review Bd.*, 212 A.D.3d 811, 812 (2d Dep't 2023). Because Petitioner commenced this proceeding on December 1, 2023, it is untimely and must be dismissed with prejudice.

Accordingly, it is hereby:

**ORDERED** that Respondents' cross-motion to dismiss Petitioner's Verified Petition (Seq. No. 1) is **GRANTED**; and it is further

**ORDERED and ADJUDGED** that Petitioner's Verified Petition and Order to Show (Seq. No. 1) are **DENIED**, and this proceeding is **DISMISSED**; and it is further

**ORDERED** that Respondents shall serve a copy of this Decision and Order upon Petitioner and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

161714/2023 Long Island Express Deli & Grocery Corp. v. NYC Consumer and Worker Protection et al. Page 4 of 5
Mot. Seq. No. 001

[* 4]

ORDERED that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

ORDERED that any requested relief not expressly addressed herein has been considered and is denied; and it is further

ORDERED that the Clerk shall mark Motion Sequence No. 1 decided in all court records; and it is further

ORDERED that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

| February 20, 2025 | | | SHAHABUDDEEN A. ALLY, A.J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| APPLICATION: | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| CHECK IF APPROPRIATE: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | [ ] STAY CASE |
| | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

**161714/2023 Long Island Express Deli & Grocery Corp. v. NYC Consumer and Worker Protection et al.**      **Page 5 of 5**
**Mot. Seq. No. 001**