Matter of Vuksan Realty, LLC v Olatoye (2020 NY Slip Op 00218)





Matter of Vuksan Realty, LLC v Olatoye


2020 NY Slip Op 00218


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10748 100965/16

[*1] In re Vuksan Realty, LLC, Petitioner-Appellant,
v
Shola Olatoye, as Chair of the New York City Housing Authority, et al., Respondents-Respondents.


Lazarus Karp, LLP, New York (Charles J. Siegel of counsel), for appellant.
Kelly D. MacNeal, New York (Byron S. Menegakis of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 6, 2018, which denied the petition to annul a determination of respondent New York City Housing Authority (NYCHA), dated April 17, 2014, terminating Section 8 rent subsidies in connection with an apartment owned and leased by petitioner, and granted NYCHA's cross motion to dismiss the proceeding brought pursuant to CPLR article 78 as time-barred, unanimously affirmed, without costs.
The proceeding was properly dismissed as time-barred because petitioner did not commence the proceeding within four months of April 28, 2014, when it received the NE-1 Notice. The April 2014 NE-1 Notice sent to petitioner was a final and binding determination to suspend payment of the subsidy because it notified petitioner of NYCHA's definitive position that the apartment did not comply with Housing Quality Standards and that NYCHA would suspend payment unless petitioner corrected the violations verified by NYCHA.
In the alternative, even if petitioner's time to commence the proceeding did not begin to run from its receipt of the NE-1 Notice, the proceeding was properly dismissed as time-barred because petitioner did not commence the proceeding within four months of April 28, 2014, when it received the NE-1 Notice, or June 1, 2014, when NYCHA actually suspended payment, or June 25, 2015, when petitioner wrote a letter indicating that repairs to the subject apartment were completed and it knew subsidies were suspended, or January 1, 2016, when NYCHA reinstated payments without making any retroactive payments for the June 2014 through December 2015 suspension period (CPLR 217).
Accordingly, the petition, brought in June 2016, was untimely under any conceivable accrual date (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of Baloy v Kelly, 92 AD3d 521, 522 [1st Dept 2012]; Matter of Bramble Weilders, Inc. v New York City Hous. Auth., 2012 NY Slip Op 32181(U) [Sup [*2]Ct, NY County 2012]). Petitioner provided no basis to extend the statute of limitations pursuant to CPLR 2004; nor was an evidentiary hearing required (cf. R. Bernstein Co. v Popolizio, 97 AD2d 735 [1st Dept 1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK