New York City Hous. Auth. v Parkchester S. Condominium (2023 NY Slip Op 50322(U))

[*1]

New York City Hous. Auth. v Parkchester S. Condominium

2023 NY Slip Op 50322(U)

Decided on April 13, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 13, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570040/23

New York City Housing Authority, Plaintiff-Respondent, 
against
Parkchester South Condominium, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), dated October 24, 2022, which granted plaintiff's motion to dismiss defendant's counterclaims.

Per Curiam.
Order (Carol R. Feinman, J.), dated October 24, 2022, affirmed, with $10 costs.
Plaintiff New York City Housing Authority [NYCHA] terminated, effective March 1, 2020, the Section 8 rent subsidies paid to defendant Parkchester South Condominium on behalf of a nonparty tenant, because the subject apartment did not comply with Housing Quality Standards (HQS). It is undisputed that defendant never challenged NYCHA's determination to terminate the subsidy in a CPLR article 78 proceeding (see Matter of Vuksan Realty, LLC v Olatoye, 179 AD3d 465 [2020]); Khan v City of New York/Section 8, 36 Misc 3d 143[A], 2012 NY Slip Op 51533[U][App Term, 1st Dept 2012]).
In this posture, defendant's counterclaims seeking Section 8 housing assistance payments for the period commencing April 2020, which was after the subsidy was terminated but while the tenant still remained in the apartment, were properly dismissed. The counterclaims were barred by Part B of the Housing Assistance Payments (HAP) Contract. Part B requires the owner to maintain the premises in accordance with HQS (§ [3][a]). If the owner breaches this obligation, NYCHA may not make any HAP payments to the owner (§ [3][d]), and may exercise any remedies, including recovery of overpayments, suspension or termination of HAP assistance payments, and termination of the HAP contract (§ [3][c], [10][c]), even if the tenant continues to live in the apartment (§ [10][e]).
Contrary to defendant's contention, Civil Court's prior order denying the parties' respective summary judgment motions "without prejudice to renewal," was not law of the case precluding the instant motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2023