| Cholakis v Teachers' Retirement Sys. of the City of N.Y. |
|:---:|
| 2026 NY Slip Op 30939(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 450200/2023 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. PHAEDRA F. PERRY-BOND**          **PART**                    **35**

*Justice*

-------------------------------------------------------------------------X

ARTHUR CHOLAKIS,

Plaintiff,

- v -

TEACHERS' RETIREMENT SYSTEM OF THE CITY OF
NEW YORK, and DYMPNA CHOLAKIS

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 450200/2023 |
| **MOTION DATE** | 05/02/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 53, 55

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, Defendant Teachers' Retirement System of the City of New York ("Teachers' Retirement System") motion to dismiss Plaintiff Arthur Cholakis' Complaint is granted.

On April 4, 2011, Plaintiff, a New York City school teacher, married Defendant Dympna Cholakis ("Dympna"). As a New York City school teacher, Plaintiff's pension and retirement plan is administered by the Teachers' Retirement System. Plaintiff retired on August 1, 2012 and designated Dympna as his loss payee of his retirement benefits in the event of his death. Plaintiff and Dympna divorced pursuant to a divorce judgment entered in Queens County Supreme Court on August 22, 2017. Pursuant to the stipulation that preceded the divorce judgment, each party waived their right to the other party's pension and/or retirement benefits of any kind. Allegedly, the Teachers' Retirement System has refused to remove Dympna as the loss payee from Plaintiff's retirement plan, leading to this action commenced on February 13, 2022, seeking declaratory

450200/2023  CHOLAKIS, ARTHUR vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF          Page 1 of 4
NEW YORK ET AL
Motion No. 001

1 of 4

judgment and mandatory injunction. The Teachers' Retirement System moves to dismiss pursuant to CPLR 3211(a)(5) and (a)(7).

According to documents produced by Teachers' Retirement System, on June 13, 2019, Plaintiff requested that Dympna be removed as a beneficiary to his pension, annuity, and survivor's benefits. Teachers' Retirement System advised Plaintiff on July 2, 2019 that certain beneficiary designations became irrevocable after Plaintiff's 2012 retirement because the beneficiary's age was used in the calculation of his allowance payments. In response, on August 15, 2019, Plaintiff's attorney advised Teachers' Retirement System, via letter, of the stipulation of divorce wherein Dympna waived her rights to Plaintiff's pension and/or retirement benefits. In response, on August 20, 2019, the Teachers' Retirement System advised that pursuant to applicable law, the beneficiary designation could not be changed but the designation of the beneficiary of Plaintiff's death benefit #2 and fractional death benefit could be revoked or changed. In September and October of 2021, non-party Lexington Pension Consultants requested on Plaintiff's behalf that the Teachers' Retirement System asking for information to prepare a domestic relations order and requesting that the Teachers' Retirement System advise if for any reason they could not accept a domestic relation order for Plaintiff. On November 24, 2021, the Teachers' Retirement System advised once again that retirees cannot change their retirement payment option due to divorce and that the Teachers' Retirement System was unable to take direction from a stipulation of settlement or domestic relations order.

The Teachers' Retirement System argues that this case should have been brought as an Article 78 proceeding and that the four-month period to do so has long since expired. The Teachers' Retirement System argues that even if this action could be converted into an Article 78 proceeding and the proceeding is deemed timely, dismissal is stil required because the Teachers'

450200/2023   CHOLAKIS, ARTHUR vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF
NEW YORK ET AL
Motion No.  001

Page 2 of 4

2 of 4

Retirement System complied with applicable state law. Specifically, RSSL § 610(f) bars changes to an option selection no later than thirty days after the date of retirement. In opposition, Plaintiff argues there was no final determination which triggered a review under Article 78[1] and that in any event, the Court can correct the form of this action to Article 78 if necessary.

The motion to dismiss is granted. The challenge to the Teachers' Retirement System's administrative determination that Dympna could not be removed as a beneficiary should have been brought via an Article 78 proceeding. This is especially the case where, as here, Plaintiff seeks a writ of mandamus compelling the Teachers' Retirement System's to remove a beneficiary on a designation that has become irrevocable pursuant to state law. Where the crux of a claim is within scope of Article 78, the claim must be brought as an Article 78 proceeding and cannot be deemed timely be couching it in some other form of legal relief (*see Todras v City of New York*, 11 AD3d 383, 384 [1st Dept 2004]; *Foster v City of New York*, 157 AD2d 516, 517-518 [1st Dept 1990]; *see also Almodovar v City of New York*, 82 Misc.3d 1235[A] at *2 [Sup. Ct. New York County 2024] [Kingo, J.]). Although couched in claims for permanent injunction and declaratory judgment, the Complaint is really a challenge to the Teachers' Retirement System's administrative decision denying Plaintiff's request that Dympna be removed as a beneficiary. Therefore, this case should have been brought as an Article 78 proceeding.

Because this case should have been brought as an Article 78 proceeding, it is untimely. CPLR § 217 provides that there is a four-month statute of limitations to bring an Article 78 proceeding, with the four months beginning to accrue once an administrative determination becomes "final and binding." An administrative determination is "final and binding" when the agency reaches a definitive position that inflicts actual, concrete injury, and the injury may not be

---

[1] Ironically, if there was no final determination, then this matter is not ripe for judicial review under Plaintiff's claims for declaratory judgment or permanent injunction.

450200/2023  CHOLAKIS, ARTHUR vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF      Page 3 of 4
NEW YORK ET AL
Motion No. 001

3 of 4

prevented or ameliorated by further administrative action (*Best Payphones, Inc. v Department of Information, Technology and Communications of City of New York*, 5 NY3d 30 [2005]).

On July 2, 2019, Plaintiff was informed that his beneficiary designation under Option 1 "was irrevocable as of your initial payability date of August 1, 2012, since your beneficiary's age was used in the calculation of your allowance payments." This action did not commence until February 13, 2022, years after receipt of the Teachers' Retirement System's determination as to irrevocability of the beneficiary designation. Thus, this action is therefore untimely and must be dismissed (*see, e.g. Matter of Vuksan Realty, LLC v Olatoye*, 179 AD3d 465, 465-466 [1st Dept 2020]; *Matter of Moskowitz v New York City Police Pension Fund*, 82 AD3d 473, 473 [1st Dept 2011]). Therefore, the motion to dismiss is granted. The Court has considered the remainder of Plaintiff's contentions and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED that Defendant Teachers' Retirement System of the City of New York motion to dismiss Plaintiff Arthur Cholakis' Complaint is granted; and it is further

ORDERED that within ten days of entry, counsel for Defendant Teachers' Retirement System of the City of New York shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

3/11/26
**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | [x] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

450200/2023   CHOLAKIS, ARTHUR vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 4 of 4